UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC D. GANT,

        Plaintiff,        Case No. 1:25-cv-397

v.        Hon. Robert J. Jonker

UNITED STATES BANKRUPTCY
COURT WESTERN DISTRICT OF
MICHIGAN,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Eric D. Gant filed this lawsuit against the United States government, specifically the United States Bankruptcy Court Western District of Michigan. For the reasons set forth below, plaintiff's complaint is barred by sovereign immunity.

    **I.**    **Plaintiff's complaint**

Plaintiff's lawsuit involves an unidentified bankruptcy case. Plaintiff alleged that on April 10, 2025, he "submitted a motion to reopen a bankruptcy case with the Bankruptcy court in the Western District of Michigan." Compl. (ECF No. 1, PageID.1).

> After speaking with the clerks numerous times, Eric was denied the right to submit the case. The clerk marked it as void and handed it right back to him. She stated that he did not have the filing fee and the court has a policy of not accepting the document without payment.

*Id*.

> Eric stated that he was anticipating a judge ruling on a fee waiver for this matter. Eric feels charging these fees is a violation of due process, he does not have the opportunity to be heard, and this violates a right to petition the Government for redress of grievances. . .

1

*Id.* Plaintiff also disputes a ruling in the unidentified bankruptcy case, *i.e.*, "[i]n addition Eric does not like the ruling on the original motion to seal." *Id.* Plaintiff contends that this erroneous ruling "has caused Eric bad credit and he now has housing expenses that are sky rocket high as well as not being able to obtain an automobile." *Id*. at PageID.2. Plaintiff's claim against the bankruptcy court appears to seek $75,000.00 and "an order removing the bankruptcy filing or sealing." *Id*.

## II.    Legal standard

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Fed. R. Civ. P. 12(h)(3) provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even sua sponte, to dismiss any action over which it has no subject-matter jurisdiction").

Plaintiff has two potential sources of subject matter jurisdiction, federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. The Court will review jurisdiction as a "facial attack" on the allegations set forth in the complaint. "A facial attack on

2

the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Building Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "When reviewing a facial attack, a district court takes the allegations in the complaint as true[.]" *Id*. Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

### III. Discussion

Here, plaintiff has sued the United States government, specifically the United States Bankruptcy Court Western District of Michigan. "The United States, as sovereign, is immune from suit save as it consents to be sued[.]" *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (internal quotation marks omitted). As the U.S. Supreme Court explained,

> Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940). Sovereign immunity is jurisdictional in nature. Indeed, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941).

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).

"A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). The plaintiff bears the burden of identifying a waiver of sovereign immunity. *See, e.g., Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000) ("Reetz must identify

3

a waiver of sovereign immunity in order to proceed against the United States. If he cannot identify a waiver, the claim must be dismissed on jurisdictional grounds.").

Sovereign immunity extends to defendant, a federal bankruptcy court.  *See Meyer*, 510 U.S. at 475.  *See also, Masih H. Muhammad v. United States District Court for the Western District of Michigan*, No. 1:08-cv-1166 (W.D. Mich. May 1, 2009) (Order of Dismissal, ECF No. 5, PageID.9) ("any possible claim against the United States District Court . . . would be barred by sovereign immunity") (citing *Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007), stating in part, "As sovereign, the United States is immune from suit, unless it waives this immunity and consents to suit.").  *See generally, Ward v. Thompson*, 630 F. Supp. 3d 1140, 1149 (D. Ariz. 2022) ("Sovereign immunity 'forecloses . . . claims against the House of Representatives and Senate as institutions'") (quoting *Rockefeller v. Bingaman*, 234 Fed. Appx. 852, 855 (10th Cir. 2007).   Plaintiff has not identified a waiver of sovereign immunity which allows him to sue defendant.  Accordingly, this lawsuit should be dismissed for lack of subject matter jurisdiction.

### IV.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.


Dated:  April 15, 2025                              /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).